## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                    NO. 12-CR-12 WJ

JUAN ARTURO TORRES-RAMIREZ,

       Defendant.

### MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S ARIZONA STATE CONVICTION

Defendant argues in his Sentencing Memorandum (**doc. 15**) filed March 9, 2012, that the Pre-Sentence Report incorrectly calculates his sentencing guidelines offense level, because the PSR incorrectly treats one of Defendant's former convictions as a crime of violence and applies the sixteen-level enhancement in U.S.S.G. § 2L1.2.  Defendant argues that his former conviction in Arizona does not qualify as a crime of violence.

### BACKGROUND

On January 5, 2012, Defendant pled guilty to a one-count information charging a violation of 8 U.S.C. §§ 1326(a) and (b), Re-entry of a Removed Alien.  A PSR was prepared by the United States Probation Office, finding Defendant's total offense level to be 21 and Defendant's criminal history category to be IV, resulting in a guideline imprisonment range of 57 to 71 months.  On March 9, 2012, Defendant filed a Sentencing Memorandum, in which, among other arguments, contests the application of the sixteen-level enhancement in U.S.S.G. § 2L1.2.  Subsequently, Defendant and the United States have entered an agreement which provides that the provisions of the Department of Justice's "non-standard fast track" policies will

be extended to Defendant, and that Defendant waived his right to seek a downward variance or

departure from the guideline sentencing range.  Therefore Defendant has withdrawn all the

arguments within his Sentencing Memorandum, with the exception of the argument regarding

the sixteen level enhancement for the Arizona conviction.

## DISCUSSION

Defendant argues that he is not subject to the sixteen-level sentencing guidelines

enhancement under U.S.S.G. § 2L1.2 because the Arizona statute under which Defendant was

previously convicted includes the mental state "reckless" in its definition.  Under *U.S. v. Zuniga-*

*Soto*, 527 F.3d 1110, 1124 (10th Cir. 2008), a conviction involving a reckless mental state does

not qualify as a crime of violence for purposes of USSG § 2L1.2.  Therefore the question before

the Court is whether Defendant's prior conviction under Arizona Statute A.R.S. § 13-1203 and

13-1204 involves the requisite elements to qualify as a crime of violence.

Under the categorical approach discussed in *Zuniga-Soto*, the proper inquiry involves an

analysis of the elements of the statutory offense, not the particular factual situation of a

defendant.  Therefore the Court may only look at the judicial record of Defendant's conviction in

order to establish which of the subparts in the Arizona law correspond to Defendant's

conviction.  Because both §§ 13-1203 and 1204 contain subparts, the Court will look to the

indictment in Defendant's previous case to determine under which of those subparts Defendant

was convicted.

Defendant's indictment in the Arizona case states that Defendant, "using a machete

and/or knife, a deadly weapon or dangerous instrument, intentionally placed [the victim] in

reasonable apprehension of imminent physical injury." (Doc.16 at 3–4.)  Looking first to § 13-

1204, Aggravated Assault, the statute reads:

A.    A person commits aggravated assault if the person commits assault as prescribed by § 13-1203 under any of the following circumstances:

* * *

2.    If the person uses a deadly weapon or dangerous instrument.

Thus, the indictment makes clear that the Defendant was convicted under § 13-1204.A.2, which satisfies the generic requirement of Aggravated Assault in that the conduct involves either the causing of serious bodily injury or the use of a dangerous weapon.

Next, because Subsection A makes reference to § 13-1203, the Court must examine that section of the statute as well.  A.R.S. § 13-1203 states:

A.    A person commits assault by:

1.    Intentionally, knowingly or recklessly causing any physical injury to another person; or

2.    Intentionally placing another person in reasonable apprehension of imminent physical injury; . . . .

In order to be convicted under §13-1204, a defendant's conduct must fit within one of the definitions of assault in § 13-1203.  Consulting the indictment again, it is clear that Defendant was charged with violating § 13-1203.A.2, as the indictment tracks the language of subsection A.2 exactly: "intentionally placing [the victim] in reasonable apprehension of imminent physical injury."  Defendant's argument that recklessness could have been the basis for his conviction must fail, because recklessness only satisfies the statute under § 13-1203.A.1, but Defendant was clearly convicted under subsection A.2, which requires intent.  Thus, according to the elements of the statute, Defendant's former crime fits within the generic definition of Aggravated Assault. The Court holds, therefore, that Defendant's former conviction from Arizona qualifies as a crime of violence under USSG § 2L1.2, and the sixteen level enhancement to Defendant's guideline

3

offense level was properly applied by the probation officer.

**SO ORDERED**.

UNITED STATES DISTRICT JUDGE